**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RANDALL DUFFEY,**

    **Plaintiff,**

**v.**                                         **Case No:**

**BRIGHT HOUSE NETWORKS, LLC**,

                                              **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **RANDALL DUFFEY** ("Mr. Duffey" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, BRIGHT HOUSE NETWORKS, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), by placing calls to Mr. Duffey's Cellular Telephone using an automatic telephone dialing system or artificial voice or prerecorded message to request that Mr. Duffey complete telephonic surveys after Mr. Duffey revoked consent for Defendant to place such calls.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 47 U.S.C. § 227.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Mr. Duffey, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida.

6. Mr. Duffey is the regular user and subscriber of the cellular telephone number 813-***-9707 ("Mr. Duffey's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a foreign limited liability corporation with its principle place of business in the State of Missouri and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

## *Statements of Fact*

8. In or around late 2013, Mr. Duffey opened an account with Defendant for cable and internet services ("Account").

9. Sometime thereafter, Defendant began placing automated calls to Mr. Duffey's Cellular Telephone requesting the Mr. Duffey complete a telephonic survey.

10. Upon answering at least one such call, Mr. Duffey heard an automated voice or prerecorded message asking him to answer survey questions about Defendant's services.

11. In or around April of 2017, Mr. Duffey called Defendant and demanded that Defendant stop calling his Cellular Telephone with its automated survey calls.

12. Mr. Duffey placed multiple calls to Defendant to demand that its automated survey calls cease.

13. During one such conversation, while Mr. Duffey was speaking to one of Defendant's supervisors, Defendant placed yet another automated survey call to Mr. Duffey's Cellular Telephone.

14. Despite Mr. Duffey's demands, Defendant continued to call Mr. Duffey's Cellular Telephone with its automated survey calls.

15. Defendant called Mr. Duffey's Cellular Telephone with the automated survey at least sixty (60) more times after Mr. Duffey demanded Defendant cease its calls.

16. Defendant placed automated survey calls to Mr. Duffey's Cellular Telephone between the late-night hours of 9 p.m. – 8 a.m.

17. Upon answering at least one of Defendant's calls, Mr. Duffey heard a pause before he was requested to complete Defendant's automated telephonic survey.

### *Count 1: Violation of the Telephone Consumer Protection Act*

18. Mr. Duffey re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

20. Mr. Duffey revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message for Defendant's automated telephone surveys in or around April of 2017 when he expressly told Defendant to stop calling his Cellular Telephone.

21. Despite this revocation of consent, Defendant thereafter called Mr. Duffey's Cellular Telephone at least sixty (60) times for its automated telephonic survey.

22. Defendant did not place any emergency calls to Mr. Duffey's Cellular Telephone.

23. Defendant willfully and knowingly placed non-emergency calls to Mr. Duffey's Cellular Telephone.

24. Mr. Duffey knew that Defendant called Mr. Duffey's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

25. Mr. Duffey knew that Defendant called Mr. Duffey's Cellular Telephone using a prerecorded voice because Defendant left Mr. Duffey at least one voicemail using a prerecorded voice.

26. Defendant used an ATDS when it placed at least one call to Mr. Duffey's Cellular Telephone.

27. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Duffey's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Duffey's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least forty calls to Mr. Duffey's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Duffey's Cellular Telephone.

31. At least one call that Defendant placed to Mr. Duffey's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Mr. Duffey's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Mr. Duffey's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Mr. Duffey's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Mr. Duffey's Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Mr. Duffey.

37. Defendant has recorded more than one conversation with Mr. Duffey.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place calls to individuals for telephonic survey responses from said individuals, such as Mr. Duffey, for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Duffey's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Duffey, despite individuals like Mr. Duffey revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Duffey's Cellular Telephone.

42. Defendant has corporate policies to abuse and harass consumers like Mr. Duffey despite having actual knowledge that the called person does not wish to be called.

43. Defendant's phone calls harmed Mr. Duffey by trespassing upon and interfering with Mr. Duffey's rights and interests in his Cellular Telephone line.

44. Defendant's phone calls harmed Mr. Duffey by causing him to lose sleep.

45. Defendant's phone calls harmed Mr. Duffey by wasting his time.

46. Defendant's phone calls harmed Mr. Duffey by being a nuisance and causing him aggravation.

47. Defendant's phone calls harmed Mr. Duffey by causing a risk of personal injury to Mr. Duffey due to interruption and distraction.

48. Defendant's phone calls harmed Mr. Duffey by invading his privacy.

49. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **RANDALL DUFFEY**, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 9, 2018**,

                        */s/ Michael A. Ziegler*
                        Michael A. Ziegler, Esq.
                        Florida Bar No. 74864
                        mike@zieglerlawoffice.com

                        */s/  Kaelyn Steinkraus*
                        Kaelyn Steinkraus, Esq.
                        Florida Bar No. 125132
                        kaelyn@zieglerlawoffice.com

                        Law Office of Michael A. Ziegler, P.L.
                        13575 58th Street North, Suite 129
                        Clearwater, FL 33760
                        (p)  (727) 538-4188
                        (f)  (727) 362-4778
                        Attorneys and Trial Counsel for Plaintiff